UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TERRANCE P. LANG,

                Plaintiff,                         CIVIL ACTION NO. 04 CV 73681 DT

      v.                             DISTRICT JUDGE PAUL D. BORMAN

JO ANNE B. BARNHART,           MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

    This Social Security Disability case comes before the court on the parties' cross-motions for summary judgment.  For the reasons stated herein, the court recommends that the Commissioner's motion be **GRANTED** and that plaintiff's motion be **DENIED**.

### II.  Background

    Plaintiff filed an application for Social Security Disability Insurance Benefits (DIB) on July 11, 2002, claiming that he was disabled due to diabetes and related symptoms, with an onset date of October 15, 2001.  (Tr. 38-42, 59)  Plaintiff was 51 years of age when he filed the application.  The Social Security Administration (SSA) denied the claim on December 13, 2002.  (Tr. 26-29)  Plaintiff then quested a hearing before an administrative law judge (ALJ).  (Tr. 30)

The hearing was held on March 23, 2004, before ALJ Michael Wilenkin.  (Tr. 175-212)  On May 3, 2004, the ALJ issued a decision denying plaintiff's claim.  (Tr. 9-22)  The ALJ determined that plaintiff had insulin-dependent diabetes with peripheral neuropathy and that his impairment was "severe" within the meaning of 20 C.F.R. § 404.1520, but that he did not have an impairment that met or equaled any impairment listed in Appendix 1, Subpart P of the Social Security Regulations.  (Tr. 13-16)  The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform his past relevant work as a visual inspector.  Id.  Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.  Id.

Following the ALJ's denial of his application, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council.  (Tr. 7)  The Appeals Council denied the request on July 27, 2004.  (Tr. 4-8)  The ALJ's decision thus became the final decision of the Commissioner.  On September 22, 2004, plaintiff filed suit *in pro per* for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  On January 19, 2005, the court issued a scheduling order giving plaintiff until March 1, 2005, to file a motion for summary judgment and giving the Commissioner until April 18, 2005 to do so.  Plaintiff filed a handwritten letter, together with additional medical records, on February 23, 2005.  The letter was docketed as a motion for summary judgment, and the court will treat it as such.  Construing the letter liberally, plaintiff contends that the decision denying his claim for benefits is not supported by substantial evidence.  The Commissioner contends in her timely-filed motion that the decision is supported by substantial evidence and should thus be affirmed.

### III.  Legal Standards

#### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).  The claimant bears of the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate DIB claims.  20 C.F.R. § 404.1520.  As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity.  Next the claimant must demonstrate that she has a "severe impairment."  A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment.  If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the

> performance of past work, then other factors, including age,
> education, past work experience, and residual functional capacity
> must be considered to determine if other work can be performed.
> The burden shifts to the Commissioner at this fifth step to establish
> the claimant's ability to do other work.

### B.  Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g),

which provides, in part:

> Any individual, after any final decision of the Commissioner of
> Social Security made after a hearing to which he was a party,
> irrespective of the amount in controversy, may obtain a review of
> such decision by a civil action commenced within sixty days after
> the mailing to him of notice of such decision or within such further
> time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's

findings are supported by substantial evidence and whether the ALJ applied the proper legal

standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan,

109 F.3d 270, 273 (6th Cir. 1997).  The Sixth Circuit stated in Brainard, 889 F.3d at 681, that

"[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance

and is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." Further, "the decision of an ALJ is not subject to reversal, even if there is

substantial evidence in the record that would have supported an opposite conclusion, so long as

substantial evidence supports the conclusion reached by the ALJ."  Key, 109 F.3d at 273.

**IV.  Analysis**

**A.  Substantial Evidence Review**

The ALJ rendered findings favorable to plaintiff at the first two steps of the disability

evaluation process.  Though plaintiff did not address these findings in his letter, the court

presumes that he has no objection thereto.  Accordingly, these findings need not be addressed

here.  At the third step, the ALJ determined that plaintiff did not have an impairment or

combination of impairments that met or equaled a listed impairment.  The diabetes listing is

found at 20 C.F.R. Pt. 404, Subpt. P, App.1, § 9.08.  It provides the following:

> 9.08 *Diabetes mellitus*. With:
>
> A.  Neuropathy demonstrated by significant and persistent
> disorganization of motor function in two extremities resulting in
> sustained disturbance of gross and dextrous movements, or gait
> and station (see 11.00C); or
>
> B.  Acidosis occurring at least on the average of every two months
> documented by appropriate blood chemical tests (pH or PCO2 or
> bicarbonate levels); or
>
> C.  Retinitis proliferans; evaluate the visual impairment under the
> criteria in 2.02, 2.03, or 2.04.

Having reviewed the record, the court agrees with the ALJ's conclusion that plaintiff's condition

does not meet the requirements of the Listing.  The record contains no evidence of acidosis or

retinitis proliferans meeting the requirements of § 9.08(B), (C).  With regard to § 9.08(C),

plaintiff complained to his doctor on at least two documented occasions of blurred vision related

to his diabetes.  (Tr. 100, 130)  However, there is no evidence in the record indicating that his

vision was persistently impaired or was otherwise so impaired as to meet the requirements of §§

2.02, 2.03, or 2.04 of the listings.[1]  Further, the record establishes that plaintiff has peripheral

neuropathy related to his diabetic condition, but there is no evidence of "significant and

persistent disorganization of motor function in two extremities resulting in sustained disturbance

of gross and dextrous movements, or gait and station."  20 C.F.R. Pt. 404, Subpt. P, App. 1, §

9.08.  Accordingly, the requirements of § 9.08(A) of the listings are not met.  Based on the

foregoing, the court finds that the record supports the ALJ's step-three determination.

Turning to the ALJ's fourth-step determination, plaintiff testified that in 1998 or 1999, he

worked for an industrial inspection company inspecting engines at a Detroit Diesel Facility.  (Tr.

181)  Plaintiff stated that he visually inspected the engines as they came down a conveyor belt,

that the job required no lifting, and that he performed the job from a sitting position.  Id.  Later in

the hearing, the ALJ posed the following hypothetical question to a vocational expert (VE):

> Let's assume the existence of a hypothetical individual, one who is
> vocationally situated as is the claimant in terms of age, education,
> and past relevant work.  With respect to such a person, please
> assume that a reasonable interpretation of the credible medical
> record would allow for a conclusion and support a finding that he
> retains the residual functional capacity to sit 6 of 8 hours of an 8-
> hour workday, stand or walk 2 hours of an 8-hour workday, lift as
> much as 10 pounds only occasionally, and lesser weights perhaps
> somewhat more frequently.  You may assume a well established
> history of poorly controlled type II Insulin dependent diabetes that
> has proven to be the source of what appears to be the presence of
> peripheral vascular disease and peripheral neuropathy.  These
> complications producing poorly, poorly healing ulcerations various
> places on the body, and ongoing discomfort, tingling, pins and
> needles sensation, paresthesia in the hands and feet.  While these

---

[1]Plaintiff reported on July 5, 2001, that he suffered blurred vision, but only rarely, and there is a brief reference to blurred vision in a medical report dated July 8, 2003.  (Tr. 100, 130) There is otherwise no mention in the record that plaintiff experienced blurred vision.

symptoms are undoubtedly disconcerting you may assume that they are not for purposes of this query of sufficient severity or intensity or frequency to interfere or otherwise preclude functioning at the level suggested.  You may assume that notwithstanding the presence of paresthesia in the hands and fingers, the hypothetical individual nevertheless remains capable of using his hands for – at the very least for simple grasping and gross manipulative functioning.  In view of the numbness I would suggest that performing fine manipulation with the hands and fingers would be appropriate.  You may assume that the deficits suffered or the (INAUDIBLE) to treat the same have not interfered with the hypothetical individual[']s ability to perform the usual and customary cognitive aspects of vocational functioning, nor do they warrant that the hypothetical individual lie down during the course of a typical work day.  Now if we were to consider all of those limitations would such a person be able to perform any of the claimant's past relevant work?

(Tr. 208-209)  The VE testified that "[u]nder that hypothetical it would be my opinion that he could return to the visual inspection job."  (Tr. 209)  Based on the testimony of the VE, the ALJ determined that plaintiff was capable of performing his past work as a visual inspector and, therefore, that he was not disabled.  (Tr. 16)

Substantial evidence to support to support a finding that a claimant is not disabled "may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [plaintiff's] individual physical and mental impairments.'"  Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987)(citations omitted).

The record clearly establishes that plaintiff suffers from Type-II insulin dependent diabetes and that he experiences neurological deficits and ulcerations, primarily in his feet, as a result of his condition.  However, as the ALJ noted, his symptoms do not appear to be of such

-7-

severity, intensity, or frequency as to render plaintiff incapable of tolerating the modest physical

demands of his past work as a visual inspector, which the VE characterized as sedentary work.

No doctor opined that plaintiff was totally disabled as a result of his condition.  Further, the

ALJ's RFC determination is consistent with, and even more restrictive in certain areas, than the

physical RFC assessment of the consulting examiner who reviewed plaintiff's file.  (Tr. 91-98)

Another physician, Dr. J. Li, indicated in a "Medical Source Statement" dated February 20,

2004, that plaintiff could frequently lift no more than three to five pounds, that he could stand or

walk less than two hours total out of an eight-hour workday, that he could sit no more than three

hours out of an eight-hour workday, that he had pushing/pulling limitations, and that he had

postural, manipulative, and environmental limitations.  (Tr. 145-147)  These findings indicate

greater restrictions than those found by the consultant and the ALJ.  However, the ALJ

acknowledged Dr. Li's opinion and reasonably determined that it was not entitled to significant

consideration because it was not supported by objective medical findings and was inconsistent

with other evidence in the record.  (Tr. 15)  There is otherwise a distinct lack of reference in the

record to any significant functional limitations related to plaintiff's condition.  Having reviewed

the medical record in its entirety, the court finds that there is substantial support therein for the

ALJ's findings regarding plaintiff's physical limitations, as incorporated in the hypothetical.

Further, the evidence in the record regarding plaintiff's daily activities is consistent with

the findings included in the hypothetical.  Plaintiff indicated in a daily activities report that he

prepared his own meals, that he regularly did housework such as vacuuming, dishwashing, and

laundry, that he shopped for food on a weekly basis without assistance, that he liked to fish and

play chess and cards, and that he was capable of driving.  (Tr. 71-72)  In addition, plaintiff was working as a part-time building monitor as of the date of the hearing.  (Tr. 178-79)  These activities, while not extensive, are consistent with the ability perform sedentary work.

Based on the foregoing, the court finds that the hypothetical accurately portrayed plaintiff's physical limitations.[2]  Accordingly, the VE's testimony in response thereto constitutes substantial evidence to support the ALJ's determination that plaintiff is capable of performing his past work and is thus not disabled.

## B.  Additional Medical Records

As noted above, plaintiff attached to the letter he filed with the court additional medical records.  It is well-settled in the Sixth Circuit that evidence presented to a district court in the first instance cannot be considered in determining whether an ALJ's decision denying a DIB application is supported by substantial evidence.  See, e.g., Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir. 1993).  However, a court may remand a case to the Commissioner based on such evidence if the requirements of sentence six of  § 405(g) are met.  Sentence six states, in part, the following:

> The court may, on motion of the Commissioner of Social Security
> made for good cause shown before the Commissioner filed the

---

[2]The hypothetical was not consistent with plaintiff's testimony regarding the extent of his functional limitations.  As the VE testified, if plaintiff's testimony was credible, his limitations would preclude all work activity.  (Tr. 207)  However, the ALJ determined that plaintiff's testimony was "less than entirely credible."  An ALJ's credibility determination is entitled to significant deference, Walters, supra, 127 F.3d at 531, and there is no basis in the record for disturbing the ALJ's credibility assessment in this matter.

> Commissioner's answer, remand the case to the Commissioner of
> Social Security, and it may at any time order additional evidence to
> be taken before the Commissioner of Social Security, but only
> upon a showing that there is new evidence which is material and
> that there is good cause for the failure to incorporate such evidence
> into the record in a prior proceeding[.]

Thus, a sentence six remand is warranted where the claimant demonstrates the following: (1) that new, material evidence is available, and (2) that there is good cause for the claimant's failure to introduce the evidence in the proceedings before the ALJ.  See, e.g., Willis v. Secretary of Health and Human Services, 727 F.2d 551, 554 (1984).  Further, as the Sixth Circuit stated in Foster,, supra, 279 F.3d at 357 (citations omitted):

> For the purpose of a 42 U.S.C. § 405(g) remand, evidence is new
> only if it was not in existence or available to the claimant at the
> time of the administrative proceeding.  Such evidence is material
> only if there is a reasonable probability that the Secretary would
> have reached a different disposition of the disability claim if
> presented with the new evidence.  A claimant shows good cause by
> demonstrating a reasonable justification for the failure to acquire
> and present the evidence for inclusion in the hearing before the
> ALJ.  As noted above, the burden of showing that a remand is
> appropriate is on the claimant.

The records submitted by plaintiff were prepared in 1997 and were thus in existence well before the ALJ reached his decision.  Further, there is no reasonable probability that the ALJ would have reached a different decision if the records had been presented to him.  Thus, the evidence is neither "new" nor "material."  Accordingly, the records submitted by plaintiff do not warrant a sentence six remand.

-10-

**V.  Conclusion**

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

  s/Virginia M. Morgan            

VIRGINIA M. MORGAN

Dated:  April 29, 2005                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TERRANCE P. LANG,

              Plaintiff,              CIVIL ACTION NO. 04 CV 73681 DT

      v.                     DISTRICT JUDGE PAUL D. BORMAN

JO ANNE B. BARNHART,         MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

              Defendant.
_____/

## REPORT AND RECOMMENDATION

---

### Proof of Service

The undersigned certifies that a copy of the foregoing report and recommendation was served on the parties and attorneys of record and the Social Security Administration by electronic means or U.S. Mail on April 29, 2005.

              s/Jennifer Hernandez
              Case Manager to
              Magistrate Judge Morgan

---